UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 31, 2014

LETTER TO COUNSEL

RE:   *Jacques Kevin Agent v. Commissioner, Social Security Administration*;
      Civil No. SAG-14-498

Dear Counsel:

On February 20, 2014, Plaintiff Jacques Kevin Agent petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 18, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Mr. Agent filed a claim for Supplemental Security Income ("SSI") on June 15, 2010. (Tr. 133–36). He alleged a disability onset date of January 1, 2010. (Tr. 133). His claim was denied initially and on reconsideration. (Tr. 76–79, 81–82). A hearing was held on June 13, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 28–73). Following the hearing, the ALJ determined that Mr. Agent was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10–23). The Appeals Council denied Mr. Agent's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Agent suffered from the severe impairment of bipolar disorder. (Tr. 15). Despite this impairment, the ALJ determined that Mr. Agent retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: capable of performing simple, routine, repetitive tasks; capable of maintaining appropriate superficial social interactions with others in settings with minimal social demands; able to adapt to changes and demands of simple tasks.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Agent could perform jobs existing in significant numbers in the national economy and that therefore he was not disabled. (Tr. 21–23).

*Jacques Kevin Agent v. Commissioner, Social Security Administration*
Civil No. SAG-14-498
December 31, 2014
Page 2


Mr. Agent raises four arguments on appeal: (1) that he satisfied the requirements of Listing 12.04; (2) that his anxiety should have been classified as a severe impairment; (3) that the ALJ erred in evaluating the medical treatment notes; and (4) that the Appeals Council erred in evaluating additional evidence not considered by the ALJ. Each argument lacks merit and is addressed below.

First, Mr. Agent argues that the ALJ erred in evaluating his bipolar disorder. Although his argument is not entirely clear, Mr. Agent apparently contends that the ALJ erred in determining that he did not satisfy the requirements of Listing 12.04, Affective Disorders. Pl.'s Mem. 5. At step three of the sequential evaluation, the ALJ must compare a claimant's impairments with the Listing of Impairments to determine if the claimant's impairments are severe enough to warrant a presumption of disability. *Bryant v. Colvin*, 573 F. App'x 186, 188 (4th Cir. 2014); 20 C.F.R. § 416.920(d); 20 C.F.R. Pt. 404, Subpt. P, Appx. 1. In this case, the ALJ determined that Mr. Agent did not satisfy the requirements of Listing 12.04 because he did not satisfy the criteria of either "paragraph B" or "paragraph C." (Tr. 15–16). The "paragraph B" criteria require the claimant to demonstrate that his impairment results in at least two of the following: (1) marked restrictions of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 12.04(B). The ALJ concluded, and I agree, that Mr. Agent's impairment falls short of the "paragraph B" criteria. In support of his conclusion that Mr. Agent suffers "moderate difficulties" in social functioning, the ALJ cited Mr. Agent's reported activities of daily living, including going to the gym and using public transportation, although he credited Mr. Agent's claims of some isolation. (Tr. 16). In evaluating Mr. Agent's abilities with respect to concentration, persistence, and pace, the ALJ noted Mr. Agent's own complaints regarding difficulties with reading and concentration, but credited the State agency physician's opinion that Mr. Agent's impairment resulted in only "moderate difficulties" in that area. *Id.*

The "paragraph C" criteria require a showing of a chronic affective disorder, including repeated episodes of decompensation, or a risk of decompensation upon a minimal increase in mental demands, or an inability to function outside a highly supportive living arrangement. 20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 12.04(C). The ALJ concluded that Mr. Agent does not satisfy any of those criteria. No physician has opined, nor has Mr. Agent specifically argued, that Mr. Agent satisfies the "paragraph C" criteria. I find no evidence in the record demonstrating that the "paragraph C" criteria are met. Finally, the ALJ's conclusion is supported by two State agency physicians, who both opined that Mr. Agent's impairment does not meet or equal a listing, and both of whose opinions the ALJ assigned "great weight." (Tr. 20–21, 272, 309). Accordingly, I find that the ALJ provided substantial evidence in support of his determination that Mr. Agent did not satisfy the requirements of Listing 12.04.

*Jacques Kevin Agent v. Commissioner, Social Security Administration*
Civil No. SAG-14-498
December 31, 2014
Page 3

      Mr. Agent also notes that Dr. Benedek opined that Mr. Agent suffered marked difficulties in maintaining both "social functioning" and concentration, persistence, and pace.[1] Pl.'s Mem. 5. However, at step four of the sequential evaluation, the ALJ assigned "little weight" to Dr. Benedek's assessment because it was not supported by the evidence of record. (Tr. 20). Mr. Agent contends that Dr. Benedek's assessment should have been afforded great weight because it was "based on a psychological interview and extensive testing." In support of his assignment of "little weight" to Dr. Benedek's assessment, the ALJ noted that the opinion was contradicted by Mr. Agent's own statements that he regularly went to the gym, rode the bus, and shopped at stores, which all involve interaction with others, and his statements that he can independently care for himself, prepare meals, and perform household chores. (Tr. 20). Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although some portions of Dr. Benedek's opinion were apparently supported with medical testing, that fact alone is not enough to undermine the ALJ's determination that it was otherwise contradicted by the evidence of record. I thus find that the ALJ provided substantial evidence supporting his assignment of "little weight" to Dr. Benedek's opinion.

      Next, Mr. Agent takes issue with the ALJ's evaluation of his "anxiety related disorders." Pl.'s Mem. 5–7. However, it is unclear at which step of the sequential evaluation Mr. Agent contends the ALJ erred. Accordingly, I have evaluated the ALJ's assessment of Mr. Agent's anxiety at each step. At step two, the ALJ did not analyze whether Mr. Agent's anxiety constituted a severe impairment. (Tr. 15). However, because the ALJ plainly considered whether Mr. Agent's anxiety resulted in functional limitations that impacted his ability to perform work activities at step four, any error at step two was harmless. 20 C.F.R. § 416.920(a)(4)(ii); (Tr. 18) (noting Mr. Agent's diagnosis with "panic disorder without agoraphobia," his reports of "severe anxiety and panic symptoms," and treatment notes indicating "significant symptoms of anxiety"). The ALJ also did not independently evaluate whether Mr. Agent's anxiety satisfied Listing 12.06, Anxiety Related Disorders. However, an ALJ is required to discuss listed impairments and compare them individually to listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999). In this case, I find that there was not ample evidence to suggest that Mr. Agent's anxiety met or equaled Listing 12.06. The two State agency physicians who opined that Mr. Agent suffered from an anxiety related disorder also opined that Mr. Agent's impairment resulted only in mild limitation in "activities of daily living" and moderate limitation in "maintaining social functioning" and "maintaining concentration, persistence, and pace." (Tr. 277, 282). Accordingly, there is no evidence on the record indicating that Mr. Agent's anxiety met or equaled Listing 12.06. Finally, at step four, as noted above, the ALJ discussed the anxiety-related diagnoses, Mr. Agent's statements concerning his anxiety, and the treatment notes referencing his anxiety. (Tr. 18). The ALJ ultimately determined that Mr. Agent suffered

---

[1] A review of the record indicates that Dr. Benedek actually opined that Mr. Agent suffered "extreme," rather than "marked" limitations in maintaining "social functioning" and "concentration, persistence, and pace." (Tr. 346).

*Jacques Kevin Agent v. Commissioner, Social Security Administration*
Civil No. SAG-14-498
December 31, 2014
Page 4

from a variety of limitations as a result of his mental impairment. Notably, Mr. Agent has not specified which of these limitations was inadequate in light of his anxiety. I find that the ALJ supported his evaluation of Mr. Agent's anxiety with substantial evidence.

Third, Mr. Agent argues that the ALJ failed to appropriately consider the treatment records, despite assigning them "great weight." Pl.'s Mem. 7–9. Specifically, Mr. Agent claims that, contrary to the ALJ's assertion, the treatment records do not indicate that he functions well. In support of his statement that Mr. Agent functions well in spite of his impairments, the ALJ cited Mr. Agent's activities of daily living, which include regularly going to the gym, shopping and running errands, independently caring for himself, cooking, and performing household chores. (Tr. 20). Mr. Agent also takes particular issue with the ALJ's statement that he can "respond appropriately to supervision, coworkers, and work situations." However, Mr. Agent seems to ignore the fact that the ALJ ultimately limited Mr. Agent to "superficial social interactions with others in settings with minimal social demands." *Compare* (Tr. 20), *with* (Tr. 17). Since that limitation was included in the hypothetical posed to the VE, and since the ALJ based his ultimate disability determination on the VE's testimony, (Tr. 68), any error in the ALJ's statement that Mr. Agent can respond appropriately to supervision, co-workers, and work situations was harmless. Finally, Mr. Agent claims that the ALJ erred by failing to consider that he suffered from recurring auditory hallucinations. Pl.'s Mem. 8–9. However, that contention is without merit, as the ALJ acknowledged that Mr. Agent "reported hearing noises but not voices," and that the opinion of Dr. Benedek indicates that Mr. Agent is "almost constantly troubled by indistinct but extremely annoying voices." (Tr. 19).

Finally, Mr. Agent argues that the Appeals Council ("AC") erred in evaluating the additional evidence, not before the ALJ, that he submitted. The AC must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* "[T]he regulatory scheme does not require the [AC] to do anything more than what it did in this case, i.e., consider new and material evidence . . . in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* In this case, the additional evidence includes treatment notes from the period of time in which the ALJ stated that the record reflected a lack of treatment: November 2010 to December 2011. (Tr. 18, 383–94). Those treatment notes, however, are largely consistent with the ALJ's description of the treatment notes that were before him, to which he assigned "great weight." Specifically, the ALJ found that the treatment notes illustrated that Mr. Agent functioned well despite his bipolar disorder, and that they undermined Mr. Agent's claims about his lack of energy and social isolation. (Tr. 20). Although the treatment notes do contradict the ALJ's statements that Mr. Agent did not obtain treatment between November 2010 and December 2011, because the ALJ provided an abundance of additional evidence in support of his RFC assessment, that contradiction, standing

*Jacques Kevin Agent v. Commissioner, Social Security Administration*
Civil No. SAG-14-498
December 31, 2014
Page 5

alone, is not enough to undermine the ALJ's conclusion.[2]  Accordingly, I find that, after considering the additional evidence, the Commissioner's decision is supported by substantial evidence.

   For the reasons set forth herein, Mr. Agent's Motion for Summary Judgment (ECF No. 18) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. The clerk is directed to CLOSE this case.

   Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                              Sincerely yours,

                              /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge

---

[2] Mr. Agent cites *Meyer*, in support of his proposition that the AC should have remanded to the ALJ because the additional evidence was from a treating physician. 662 F.3d at 706. However, the Court in *Meyer* discussed the appropriate action in the specific situation in which "the new evidence constitutes the only record evidence as to the opinion of the treating physician." *Id.* In this case, the new evidence consisted of additional notes from Mr. Agent's treating physician, rather than the only record evidence as to that physician's opinion. As such, the Court's discussion in *Meyer* is inapposite.